IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JORDAN AARON SMITH, #A6101518, | CIV. NO. 19-00095 JMS-RT |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT AND DIRECTING SERVICE OF ORIGINAL COMPLAINT |
| vs. | |
| KAIPO SARKISSIAN, et al., | |
| Defendants, | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT AND DIRECTING SERVICE OF ORIGINAL COMPLAINT

Before the court is Plaintiff Jordan Aaron Smith's first amended complaint ("FAC") in this prisoner civil rights action. ECF No. 7. Because allowing the FAC to supercede the original Complaint will hopelessly confuse the issues and allegations that the court has determined state colorable claims, and will delay prompt resolution of those claims, the FAC is DISMISSED without prejudice as futile.

This action will proceed against Defendants Kaipo Sarkissian, Everett Kaninau, Micheal Bala, and ACO John Doe Berkey[1] on the facts alleged in **Count**

---

[1] Smith identifies ACO John Doe in the FAC as "ACO john berkey," and the court accepts that substitution. *See* Fed. R. Civ. P. 21; *see* FAC, ECF No. 7, at PageID #42.

**I in the original Complaint**. *See* Order Dismissing Complaint in Part With Leave to Amend Order, ECF No. 6 ("June 6, 2016 Order").

The Clerk is DIRECTED to serve the original Complaint, ECF No. 1, as **limited to Count I** on Defendants Sarkissian, Kaninau, Bala, and ACO Berkey who are directed to file a response after service is perfected.

## I. BACKGROUND

Smith, a pretrial detainee confined at the Halawa Correctional Facility ("HCF"), filed this action on February 25, 2019. Compl., ECF No. 1. He is proceeding pro se and in forma pauperis. Smith originally alleged that Hawaii Department of Public Safety ("DPS") Director Nolan Espinda and HCF staff[2] violated his civil rights by transferring him to the High Security Special Housing Unit ("SHU"), threatening him, sexually assaulting and harassing him, confiscating and switching his medication, and moving him to a suicide cell when he posed no threat of harm to himself or others.

The court screened the Complaint pursuant to 28 U.S.C. §§ 1915(e) (1) and 1915A(a), and found that Smith stated a colorable claim in Count I for sexual

---

[2] Smith named ACO (adult correctional officer) Kaipo Sarkissian, Nurse Micheal Bala, psychiatric physician Dr. Jane Doe, ACO John Doe, Everett Kaninau, Chief of Security ("COS") Lyle Antonio, Gary Caplain, Warden Scott Harrington, Dovie Borges, Joanna White, Calvin Mock, and Monica Chun as Defendants.

2

assault and retaliation against Defendants Sarkissian, Kaninau, Bala, and ACO John Doe (now identified as ACO Berkey). *See* June 6, 2019 Order, ECF No. 6, at PageID #33-34. The court dismissed Smith's claims against all other Defendants as alleged in Counts II and III, with leave granted to amend. *See id.*, at PageID #31-33, 34-38. Smith's claims for release from incarceration and for damages against official capacity Defendants were dismissed with prejudice. *Id.*

In granting leave to amend, the court informed Smith that an amended complaint must be complete in itself without reference to a prior proceeding and will generally supercede the prior complaint. He was warned that if the amended complaint omitted any claims or Defendants, those claims and parties would likely be deemed voluntarily dismissed. Finally, the court notified Smith that if he filed an amended complaint that failed to cure the deficiencies in Counts II and III, "the court will order the present Complaint as limited" to be served on Sarkissian, Kaninau, Bala, and ACO John Doe. *Id.*, at PageID #39.

Smith filed the FAC on July 8, 2019. ECF No. 7. The FAC names Defendants Sarkissian, Bala, and ACO Berkey in their individual and official capacities, although Smith refers to previously dismissed Defendants within the body of the FAC. Smith leaves Count I completely blank, apparently expecting

3

the court to incorporate Count I's statement of facts from the original Complaint into the FAC.

The FAC's statement of facts sections in Counts II and III are also largely blank, but Smith attaches additional pages to each of these Counts, apparently intending these pages to clarify his claims in Counts II and III in the original Complaint.

In Count II of the FAC, Smith indicates that his claim involves "Medical care." *See id.*, at PageID #46. Smith's attachment identifies Dr. Jane Doe as Dr. Lettich, and alleges that Dr. Lettich was "out of order" for placing him on suicide watch, denying him medication that he requested, and speaking sarcastically to him. *Id.* at PageID #47. Even if the court reads Smith's additional pages in conjunction with the claims alleged in Count II of the original Complaint, they fail to support a colorable claim that Dr. Lettich acted with deliberate indifference to Smith's serious medical needs. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Smith indicates that Count III of the FAC involves a "Threat to safety," although he again provides no statement of supporting facts. ECF No. 7, at PageID #49. The attached pages are obviously meant to be read in conjunction with his statements in the original Complaint, however, and only make sense if so

4

incorporated.  In Count III of the original Complaint, Smith complained that he was moved to the High Security Housing Unit ("SHU") in November 2018 after an altercation with the Medium SHU Unit Manager.  ECF No. 1 at PageID #8.  Smith now provides the dates that he alleged that he wrote to Defendants Warden Harrington, Mock, Caplain, Borges, and Antonio, and he states that it was Kaninau and Sarkissian who were "posing and purposing threats."  *See* ECF No. 7 at PageID #50-51.  In the original Complaint, Smith alleged that guards had threatened him because he is black.  ECF No. 1 at PageID #8.  He still fails to explain, however, what he told these Defendants, and whether they responded, or what actions they took (or failed to take).  His vague statement that he wrote these individuals requesting a transfer from HCF, without more, still fails to show that they each, individually violated his constitutional rights.  And, this claim can only be understood with careful reference to his original Complaint.

The FAC now identifies Joanna White as the "PREA investigator," to whom he reported the sexual assault alleged in Count I in the original Complaint.  *Id.* at PageID #51. He claims that if she had moved him immediately after he wrote his PREA report, Sarkissian, Bala, Kananiau, and Berkey could not have retaliated against him (by allegedly switching his medication two days after the alleged assault).  *Id.*

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires." The ability to amend is not without limits, however. Federal courts balance five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation and quotation marks omitted). These factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, which normally is the defendant's burden to establish, or a "strong showing" of any of the other factors, there is a presumption in favor of permitting amendment. *Id.* (*citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)) (other citations omitted).

Smith was granted leave to amend and has not acted in bad faith or with undue delay in filing the FAC. Nor is there any prejudice to Defendants, who are unserved. "Futility alone can justify" denying leave to amend, however. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff Sexon, Inc.*, 845 F.2d 209, 214 (9th Cir.

6

1988), *abrogated in other part by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citation omitted).

As the court notified Smith in the June 6, 2019 Order, an amended complaint must "be complete in itself without reference to any prior pleading." ECF No. 6, PageID #38. This means that an amended complaint supersedes the preceding complaint, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015), and any defendants or claims that are not realleged may be deemed voluntarily dismissed, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

Smith's FAC omits the only colorable claims that he alleged in the original Complaint. Without reference to the original Complaint, the FAC is incoherent, incomplete, and fails to state any colorable claim for relief against any Defendant. Thus, the FAC is subject to dismissal. Allowing the FAC to replace the original Complaint is clearly futile, would hopelessly confuse the issues, and ultimately frustrate the ends of justice. Consequently, the FAC is DISMISSED without prejudice. The original Complaint, **as limited to Count I only**, and as alleged against Sarkissian, Kaninau, Bala, and ACO Berkey remains the operative Complaint and will be served.

This dismissal does not prevent Smith from filing another, complete, coherent amended pleading that cures the noted deficiencies in his dismissed claims, if that pleading complies with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

## III. SERVICE ORDER

IT IS HEREBY ORDERED:

(1) The Clerk shall send the U.S. Marshal a copy of this Order, the original Complaint, and one completed summons for Defendants Kaipo Sarkissian, Everett Kaninau, Micheal Bala, and ACO Berkey. The U.S. Marshals Service shall open a file and retain these documents for use in the event that Sarkissian, Kaninau, Bala, or Berkey decline to waive service of the summons.

(2) Per agreement with the Hawaii Department of Public Safety ("DPS"), the Clerk shall provide by electronic means to DPS liaisons Shelley Harrington and Laurie Nadamoto: (a) a copy of the Complaint, ECF No. 1, and a completed Notice of Lawsuit and Request for Waiver of Service of Summons form addressed to Defendants Kaipo Sarkissian, Everett Kaninau, Micheal Bala, and ACO Berkey; and (b) two completed Waiver of Service of Summons forms for each Defendant.

(3) Defendants shall have 30 days after the request for waiver of service of summons is sent to return the waiver to the U.S. Marshal, who shall file the waiver

with the court. If any Defendant fails to do so within that time, the U.S. Marshal shall NOTIFY THE COURT, who will direct the U.S. Marshal to personally serve the summons and complaint on that Defendant. A personally served Defendant will be required to pay the costs of service.

(4) Defendants Kaipo Sarkissian, Everett Kaninau, Micheal Bala, and ACO Berkey shall respond to Smith's Complaint, ECF No. 1, within 60 days after electronic service if formal service is waived, or 45 days if service of the summons is not waived.

(5) Smith shall, within one week of any change of address, notify the court. This notice shall contain only information about the change of address and its effective date and shall not include requests for other relief. Failure to file such notice may result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(6) After Defendants have filed a response, Smith's documents are deemed served on any Defendant(s) or their attorney(s) who participate in the court's Case

///

///

///

///

Management Electronic Case Filing (CM/ECF) system.  The U.S. Marshal is not responsible for serving documents after service of the operative pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 16, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Smith v. Sarkissian*., Civ. No. 19 00095 JMS RT; scrn'g '19 (dsm FAC futile dir svc)