IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JORDAN AARON SMITH,<br><br>                Plaintiff,<br><br>vs.<br><br>KAIPO SARKISSIAN; EVERETT KANINAU; MICHAEL BALA,<br><br>                Defendants. | Civ. No. 19-00095 JMS-RT<br><br>ORDER SETTING EVIDENTIARY HEARING |

## ORDER SETTING EVIDENTIARY HEARING

Pro se plaintiff, Jordan Aaron Smith ("Plaintiff"), a pretrial detainee at Halawa Correctional Facility ("HCF"), filed his complaint against Defendants Kaipo Sarkissian, Michael Bala, and Everett Kaninau (collectively, "Defendants"), alleging that Sarkissian sexually assaulted him. Before the court is Defendants' Motion for Summary Judgment, where Defendants raise the affirmative defense that Plaintiff failed to exhaust his administrative remedies. ECF No. 24. During the March 3, 2020 hearing on the summary judgment motion, the court sought supplemental briefing on two specific issues. *See* ECF No. 41. The parties complied. *See* ECF Nos. 42 & 43.

Upon reviewing the parties' supplemental submissions, along with the underlying summary judgment briefing, the court finds that genuine issues of

material fact exist. Specifically, there are disputes as to (1) when Plaintiff received the February 10, 2019 response by Nurse Momii as to Grievance 415686; and (2) whether Grievance 415723 was intended to be a step 1 or a step 2 grievance.

As to the first issue, Defendants have proffered evidence that Plaintiff did not receive the February 10, 2019 response until February 14, 2019. *See* ECF No. 42-1 at PageID #250-51. Plaintiff, however, attests that he received this response on February 10, 2019. *See* ECF No. 30 at PageID #207.

As to the second issue, Defendants have introduced a copy of Grievance 415723, which indicates it was a step 1 grievance. *See* ECF No. 42-1 at PageID #248-49. Plaintiff, however, has provided a copy of Grievance 415723 with several differences from Defendants' copy, including an additional check mark indicating it was a step 2 grievance. *See id.* at PageID #249 (noting the differences between Defendants' version and Plaintiff's version of Grievance 415723). Plaintiff attests he did not modify Grievance 415723. *See* ECF No. 43 at PageID #259.

Accordingly, the court finds these are both disputes for a trier of fact to resolve. And the court is the trier of fact for disputed facts as to exhaustion claims. *See Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014) ("[D]isputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant

to jurisdiction and venue.") (internal citations omitted); *Jones v. Cal. Dep't of Corrs.*, 584 F. App'x 496, 496-97 (9th Cir. 2014) (Mem.) (finding inmate's declaration created a material factual question suitable for an evidentiary hearing before the trial court judge). *See also* ECF No. 42 at PageID #246 (Defendants requesting an evidentiary hearing in the alternative); ECF No 43 at PageID #259 (Plaintiff requesting the same).

Thus, the court hereby SETS an evidentiary hearing for June 5, 2020, at 10:00 a.m.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 30, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Smith v. Sarkissian, et al.*, Civ. No. 19-00095 JMS-RT, Order Setting Evidentiary Hearing